UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDAN A. MACK,

    Petitioner,

v.                                                   Case No. 3:21cv963-TKW-HTC

RICKY D. DIXON,[1]

    Respondent.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Petitioner Brandon A. Mack filed a petition under 28 U.S.C. § 2254, arguing that the application of Florida's sex offender registration statute to juveniles constituted cruel and unusual punishment under the Eighth Amendment. ECF Doc. 1 at 3. After considering the petition, the record, the State's response, ECF Doc. 8, and Petitioner's reply, ECF Doc. 10, the undersigned recommends the petition be DENIED without an evidentiary hearing.

**I.    BACKGROUND**

The State charged Petitioner, who was seventeen (17) at the time of the offense, with eleven (11) counts of possession of child pornography and one (1)

---

[1] Ricky D. Dixon succeeded Mark S. Inch as Secretary of the Florida Department of Corrections and is automatically substituted as the Respondent. *See* Fed. R. Civ. P. 25(d). The clerk is directed to update the case file information to reflect Ricky D. Dixon as the Respondent.

count of transmitting child pornography. ECF Doc. 8-3. Petitioner was charged as an adult. Petitioner agreed to a plea, which the court accepted. Under the plea agreement, Petitioner acknowledged that if any offense identified him as a sex offender, he would be required to comply with Florida's sex offender registration requirements under Fla. Stat. § 934.0435. *Id.* at 3.

At sentencing on February 19, 2019, with the agreement of the State and defense counsel, the Court withheld adjudication of guilt and sentenced Petitioner as a youthful offender to four years' probation, running concurrently on each count. ECF Doc. 8-4 at 5. When the circuit court asked if Petitioner would be designated a sex offender, the prosecutor explained that it was statutorily required, and defense counsel agreed. However, defense counsel formally objected to the requirement to preserve it for appeal, stating that there was some "vagueness" in the law as to whether a juvenile who pled guilty had to be designated a sex offender. *Id.* at 6. The Order of Sex Offender Probation, which formally designated Petitioner a sexual offender for purposes of Florida's sex offender registration statute, was entered on March 12, 2019. ECF Doc. 8-5 at 2.

Although Petitioner did not file a direct appeal of his judgment and conviction, on March 20, 2019, Petitioner, through counsel, filed a Motion to Correct Sentencing Error Pursuant to Rule 3.800(b)(1), arguing that Florida's sex offender registration requirement as applied to a juvenile (1) conflicted with Florida's youthful offender sentencing regimen and (2) constituted cruel and unusual punishment in violation of

the Eighth Amendment. ECF Doc. 8-6. On March 29, 2019, the circuit court denied Petitioner's motion but only discussed the Florida law issue; there was no discussion of the Eighth Amendment argument in the order denying the motion. ECF Doc. 8-7.

Petitioner filed an appeal of the denial of the postconviction motion to the First District Court of Appeal. *See* Case No. 1D19-1383; ECF Doc. 8-8 at 2. The First DCA affirmed *per curiam* and without written opinion, ECF Doc. 8-11, and the Petitioner unsuccessfully sought review in the United States Supreme Court, which denied his petition for writ of certiorari on November 2, 2020. ECF Doc. 8-12. Petitioner filed the instant federal petition on August 17, 2021, within the AEDPA's one-year statutory time limit.[2]

## II.   DISCUSSION

Petitioner argues the sex offender registration requirement portion of his sentence violates the Eighth Amendment because the registration scheme is (1) irrevocable for a minimum of 25 years up to life, (2) substantially likely to cause

---

[2] Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act Of 1996 ("AEDPA"), a petition must be filed within one-year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Although there are other "trigger" dates under the AEDPA, none of those apply here. *See* 28 U.S.C. § 2244(d)(1)(B)-(D). Additionally, the one-year time period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

severe psychological trauma, and (3) grossly disproportionate to the culpability of a 17-year-old offender who possessed child pornography. ECF Doc. 3 at 1.

For this Court to grant habeas relief to Petitioner, the Court must find the state courts' denial of relief "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Clearly established federal law" consists of the governing legal principles set forth in the decisions of the United States Supreme Court when the state court issued its decision. *Id.* A decision is "contrary to" clearly established federal law if the state court either: (1) applied a rule that contradicts the governing law set forth by Supreme Court case law; or (2) reached a different result from the Supreme Court when faced with materially indistinguishable facts. *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003); *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010). Applying that standard, the Secretary argues Petitioner is not entitled to habeas relief because Petitioner's argument has not been considered and accepted by the United States Supreme Court.

Petitioner does not necessarily disagree the issue he raises has not been directly addressed by the United States Supreme Court. Indeed, he acknowledges the question of whether a sex offender registration statute as applied to juveniles is punitive was "left open" by the United States Supreme Court when it vacated, as

moot, a decision from the Ninth Circuit finding SORNA's[3] registration requirements as applied to juveniles was punitive and thus could not be applied retroactively without violating the Ex Post Facto Clause of the Constitution. *See United States v. Juvenile Male*, 581 F. 3d 977 (9th Cir. 2009), *amended and superseded by,* 590 F. 3d 924 (9th Cir. 2010). Nonetheless, Petitioner urges this Court to grant habeas relief, arguing that, under the analysis applied in the Supreme Court's decision in *Smith v. Doe*, 538 U.S. 84 (2002), and *Graham v. Florida*, 560 U.S. 48 (2010), the answer to that "open" question, at least when it comes to Florida's sex offender registration statute, is that the requirement is punitive and violates the Eighth Amendment. The undersigned disagrees.

First, Petitioner misapplies *Smith*. In *Smith,* the Supreme Court considered the legislative intent behind Alaska's sex offender registration statute and determined it was not punitive and therefore could be applied retroactively without violating the Ex Post Facto clause. *Smith*, 538 U.S. at 84. The Court also addressed whether a different result should be reached because Alaska posts its sex offender registration on the Internet, thereby increasing the potential for humiliation of the registrant – a similar argument to the one Petitioner raises regarding Florida's statute. The Court, however, determined such factor did not make a difference because "[t]he purpose and the principal effect of notification are to inform the

---

[3] On July 27, 2006, Congress enacted the Adam Walsh Child Protection and Safety Act, 42 U.S.C. § 16901 *et seq.,* which includes the Sex Offender Registration and Notification Act ("SORNA").

Case No. 3:21cv963-TKW-HTC

public for its own safety, not to humiliate the offender" and "[w]idespread public access is necessary for the efficacy of the scheme, and the attendant humiliation is but a collateral consequence of a valid regulation." *Id.* at 99.

Indeed, relying on *Smith*, both the Eleventh Circuit and Florida state courts have specifically found Florida's sex offender registration requirements to be non-punitive. *See e.g., Houston v. Williams,* 547 F.3d 1357, 1364 (11th Cir. 2008) (finding Florida's "sex offender registration statute is not punitive, but rather regulatory, and therefore does not violate the ex post facto clause"); *United States v. Carver,* 422 F. App'x 796, 803 (11th Cir. 2011) ("§ 943.0435 does not violate the *ex post facto* prohibition because it is nonpunitive"); *see also Addleman v. McMillian*, No. 4:18CV50-RH/CAS, 2018 WL 9517274, at *1 (N.D. Fla. July 30, 2018) (it is well established that "§ 943.0435 does not violate the ex post facto prohibition because it is nonpunitive") *report and recommendation adopted*, No. 4:18CV50-RH/CAS, 2018 WL 9517273 (N.D. Fla. Aug. 29, 2018), *aff'd sub nom. Addleman v. Fla. Att'y Gen.*, 749 F. App'x 956 (11th Cir. 2019); *Giddens v. State*, 863 So. 2d 1242, 1244 (Fla. Dist. Ct. App. 2004) ("we note that this court has previously held that sexual offender registration requirements do not violate the ex post facto clause or procedural due process"). Similar holdings have been reached by the Eleventh Circuit regarding SORNA. *See United States v. W.B.H.*, 664 F.3d 848, 860 (11th Cir. 2011) (determining registration requirement under SORNA was not punitive); *Anderson v. Sec'y, Dep't of Corr.,* 2011 WL 2517217, at *4 (M.D.

Case No. 3:21cv963-TKW-HTC

Fla. June 23, 2011) ("The clearly established federal law holds that a registration requirement for sexual offenders is not a violation of the *Ex Post Facto* Clause of the U.S. Constitution.").

Petitioner's argument ignores all these holdings. Instead, Petitioner relies on various articles and other lower state and federal court decisions. Those are a far cry from constituting "clearly established law."

Second, Petitioner's reliance on *Graham v. Florida*, 560 U.S. 48 (2010) is misplaced. In *Graham*, the United States Supreme Court held that the Eighth Amendment prohibits imposition of a life without parole sentence on juvenile offenders who did not commit homicide, and the State must give juvenile nonhomicide offenders sentenced to life without parole meaningful opportunity to obtain release. Relying on an isolated statement made by the Court, Petitioner argues under *Graham*, "an offender's age is relevant to the Eighth Amendment, and criminal procedure laws that fail to take defendants' youthfulness into account are flawed." *Id.* (citing *Graham*, 560 U.S. at 76). Nothing in *Graham* alters the holdings in the cases above, that Florida's sex offender registration requirements are simply not punitive and if they are not punitive, they cannot violate the Eighth Amendment.

Moreover, regardless of the offender's age, nothing about the registration requirement is "cruel and unusual." The bar for cruel and unusual punishment is high. *See, e.g., United States v. Nagel,* 559 F.3d 756, 763 (7th Cir. 2009) (citing *Ewing v. California,* 538 U.S. 11, 28–30 (2003) (affirming sentence of 25 years to

Case No. 3:21cv963-TKW-HTC

life imposed for felony grand theft of three golf clubs under three strikes law); *Harmelin v. Michigan,* 501 U.S. 957, 961, 966 (1991) (affirming life in prison without the possibility of parole for first-time offender possessing 672 grams of cocaine); *Hutto v. Davis,* 454 U.S. 370, 370–71 (1982) (no constitutional error in two consecutive terms of 20 years in prison for possession with intent to distribute and distribution of 9 ounces of marijuana)). The registration requirement is certainly not disproportionate to the crime. *Graham*, 560 U.S. at 59. And there is no "national consensus" against imposing the requirements on juveniles. *Id.* at 61.

To the contrary, in *United States v. Juvenile Male*, 670 F.3d 999, 1010 (9th Cir. 2012), which was decided after *Smith* and *Graham*, the Ninth Circuit specifically rejected the argument that SORNA violated the Eighth Amendment as applied to juveniles. In that case, three juvenile defendants raised the identical argument made by the Petitioner here – that "sanctioning a class of juvenile offenders with registration requirements, SORNA violates the Eighth Amendment's prohibition on cruel and unusual punishment." *Id.* at 1010. The court, however, disagreed. In doing so, the court explained that while the registration requirements "have the effect of exposing juvenile defendants and their families to potential shame and humiliation for acts committed while still an adolescent, the statute does not meet the high standard of cruel and unusual punishment" and noted that at least two other circuits have held the registration requirement is not a punitive measure. *Id.* (citing *United States v. May*, 553 F.3d 912 (8th Cir. 2008), *abrogated on other*

Case No. 3:21cv963-TKW-HTC

*grounds*, *Reynolds v. United States*, 565 U.S. 432, 440 (2012) and *United States v. Young,* 585 F.3d 199, 204-05 (5th Cir. 2009)). Petitioner's attempt to distinguish that case is unavailing.

Finally, Petitioner's argument that the Court's failure to address this claim would allow Florida to "impose any manner of cruel and unusual punishment and evade constitutional analysis because the exact same punishment had yet to be deemed cruel and unusual by the United States Supreme Court," ECF Doc. 10 at 2, is simply not true. There are already review procedures in place to ensure that a state does not impose a cruel and unusual punishment, even as to matters not yet resolved by the United States Supreme Court. That avenue is the one Petitioner unsuccessfully took. He sought review from the United States Supreme Court after his post-conviction motion was denied and the First DCA affirmed. The fact that he cannot get relief from this Court under the habeas standards does not mean the States have unfettered ability to violate the Eighth Amendment.

For the reasons set forth above, the undersigned agrees with the Secretary that relief should be denied. Without a binding decision from the Supreme Court, this Court cannot say that the circuit court acted contrary to law when it denied Petitioner relief. *See e.g., Carey v. Musladin*, 549 U.S. 70, 77 (2006) ("Given the lack of holdings from this Court regarding the potentially prejudicial effect of spectators' courtroom conduct of the kind involved here," the denial of relief by the state court "was not contrary to or an unreasonable application of clearly established federal

law."); *Dombrowski v. Mingo*, 543 F.3d 1270, 1274 (11th Cir. 2008) ("[W]hen no Supreme Court precedent is on point, ... a state court's conclusion cannot be contrary to clearly established Federal law as determined by the U.S. Supreme Court.") (internal quotation marks and citation omitted); *Himes v. Sec'y, Fla. Dep't of Corr.*, 690 F. App'x 640 (11th Cir. 2017) ("The Supreme Court has never held that the denial of a motion for continuance to secure an alibi witness amounts to a due process violation. As a result, the Florida appellate court's summary affirmance of the trial court's denial of Petitioner's motion for continuance cannot be contrary to clearly established Supreme Court precedent.").

### III.  CONCLUSION

####   A.  Evidentiary Hearing

The undersigned finds that an evidentiary hearing is not warranted as the petition presents a purely legal question. In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Additionally, this Court must take into account the deferential standards prescribed by § 2254. *See id.* Upon consideration, the undersigned finds that the claims in this case can be resolved without an evidentiary hearing. *See Schriro*, 550 U.S. at 474.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

After review of the record, the Court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the district court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

1. The clerk shall substitute Ricky D. Dixon as the Respondent.

Additionally, it is respectfully RECOMMENDED:

1. That the petition under 28 U.S.C. § 2254, challenging the imposition of sex offender registration in *State v. Mack*, 2018-CF-98, ECF Doc. 1, be DENIED without an evidentiary hearing.

2. That a certificate of appealability be DENIED.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 13th day of February, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.