UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BRANDAN A MACK,

    Petitioner,

v.                                                Case No. 3:21cv963-TKW-HTC

RICKY D DIXON,

    Respondent.
_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 12) and Petitioner's objections (Doc. 13). The Court reviewed the issues raised in the objections de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge determinations that (1) Petitioner is not entitled to habeas relief on his claim that the imposition of sex offender registration requirements on a juvenile offender violate the Eighth Amendment, and (2) a certificate of appealability should be denied because reasonable jurists would not find that claim fairly debatable.

On the latter point, the case relied on by Petitioner for the proposition that reasonable jurists have reached the "opposite ruling" on his constitutional claim involved the Ex Post Facto Clause, not the Eighth Amendment. *See United States*

*v. Juvenile Male*, 581 F.3d 977 (9th Cir. 2009). Moreover, at least two circuits have expressly rejected similar Eighth Amendment claims, *see United States v. Under Seal*, 709 F.3d 257 (4th Cir. 2013); *United States v. Juvenile Male*, 670 F.3d 999 (9th Cir. 2012), and Plaintiff has not cited—and there does not appear to be—any contrary authority.

It is also noteworthy that the Eleventh Circuit has rejected the proposition that sex offender registration requirements amount to cruel and unusual punishment under the Eighth Amendment—albeit in an unpublished opinion involving an adult defendant. *See Chrenko v. Riley*, 560 F. App'x 832, 834-35 (11th Cir. 2014). The Eleventh Circuit has also explained—albeit in the context of an ex post facto claim—that sex offender registration requirements are not punitive in nature or excessive even as they relate to juvenile offenders. *See United States v. W.B.H.*, 664 F.3d 848, 859, 860 (11th Cir. 2011) (rejecting defendant's argument that "registration requirements are excessive because they will lead youthful offenders being ostracized for crimes that may have been the result of their undeveloped, adolescent nature"). In light of these decisions, it seems unlikely that the Eleventh Circuit would come to a different conclusion on Petitioner's constitutional claim.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. The habeas petition challenging the imposition of sex offender registration requirements in *State v. Mack*, 2018-CF-98, First Judicial Circuit Court for Walton County is **DENIED**.

3. A certificate of appealability is **DENIED**.

4. The Clerk shall enter judgment in accordance with this Order and close the file.

**DONE and ORDERED** this 6th day of March, 2023.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**